File No.: PI06-16725<br>Document No.: 294944

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH PIRETTI, ) | |
| ) | CASE NO. 06-348 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | TRIAL BY JURY OF 12 DEMANDED |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| a/k/a RISK MANAGEMENT ) | |
| ALTERNATIVES, INC. ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

NOW COMES defendant and petitioner for removal, NCO Financial Systems, Inc., (incorrectly identified as NCO Financial Systems, Inc. aka Risk Management Alternatives, Inc.) and with reservation of all rights, hereby removes from the Court of Common Pleas, New Castle County, Delaware the proceeding entitled and captioned: Deborah Piretti v. NCO Financial Systems, Inc. aka Risk Management Alternatives, Inc. Docket No. 2006-05-147, on the basis of federal question jurisdiction.

The notice is based on the following grounds:

1. This is a civil action, filed May 5, 2006, in which plaintiff alleges causes of action arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* See Complaint, ¶ 3. The FDCPA vests the federal district courts with jurisdiction: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or

in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k.

2. The United States District Courts therefore have original jurisdiction over such claims under 28 U.S.C. §1331.

3. Accordingly, this Court has federal question removal jurisdiction under 28 U.S.C. §1441(b).

4. Under 28 U.S.C. §1367(a), to the extent plaintiff's pleading seeks additional relief under Delaware law, the Court has supplemental jurisdiction over all such remaining pendent State claims because those claims are so related to the federal claim they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district and division as New Castle County, the county in which the State court lawsuit was filed, is within the District of Delaware.

6. Process in <u>Deborah Piretti v. NCO Financial Systems, Inc. aka Risk Management Alternatives, Inc.</u> Docket No. 2006-05-147, was served or the Complaint setting forth the claim for relief upon which this notice is based was otherwise first received by defendant on May 8, 2006, which was not more than thirty (30) days before the filing of this *Notice of Removal*, and this *Notice of Removal* is being filed within one year of the date suit was first filed in State court in compliance with 28 U.S.C. § 1446(b)("If the case stated by the initial pleading is removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable . . . .").

7. Attached and made part of this filing are copies of all process, pleadings and orders served upon defendant in the State court. A copy of this notice is also concurrently being filed with the State court and served upon plaintiffs.

WHEREFORE, based on this Court's original federal question jurisdiction, petitioner for removal and defendant, NCO Financial Systems, Inc., respectfully requests this case proceed in this Court as an action properly removed from the Court of Common Pleas for the State of Delaware in and for New Castle County.

                                          HECKLER & FRABIZZIO

                                          MIRANDA D. CLIFTON, I.D. #4081
                                          The Corporate Plaza
                                          800 Delaware Avenue
                                          Suite 200, P.O. Box 128
                                          Wilmington, Delaware 19899-0128
                                          Telephone: (302) 573-4800
                                          Attorney for Defendant,
                                          NCO Financial Systems, Inc.

Date:  May 25, 2006

*Of Counsel*

David Israel (La. Bar No. 7174)
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Ste. 1240
Metairie, LA  70002
Telephone:  (504) 828-3700
Facsimile:   (504) 828-3737

## CERTIFICATE OF SERVICE

I, Miranda D. Clifton, Esquire, hereby certify that on the 25th day of May, 2006 two true and correct copies of the Notice of Removal were forwarded to the individual listed below via first class mail:

Deborah Piretti
316 Springhill Avenue
Wilmington, DE  19809

_____
MIRANDA D. CLIFTON

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

DEBORAH PIRETTI )
316 Springhill Avenue )
Wilmington, DE 19809 ) 2006 - 05 - 1 4 7
)
)
Plaintiff, )
) Civil Action No.
)
NCO FINANCIAL SYSTEMS, INC. )
aka RISK MANAGEMENT )
ALTERNATIVES, INC. )
3080 Yonge Street )
Toronto, Ontario M4N 3P1 )
Defendant

TO: Clerk of the Court of Common Pleas
New Castle County, Delaware 19899

Please issue Summons to the Sheriff of New Castle County to effect service on the Summons and Complaint upon the defendant as follows:

NCO Financial Systems, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
(302)658-7581

Deborah Piretti (Plaintiff)
316 Springhill Avenue
Wilmington, DE 19809
(302) 764-0428

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| DEBORAH PIRETTI<br>316 Springhill Avenue<br>Wilmington, DE 19809<br><br>Plaintiff,<br><br>NCO FINANCIAL SYSTEMS, INC.<br>aka RISK MANAGEMENT<br>ALTERNATIVES, INC.<br>3080 Yonge Street<br>Toronto, Ontario M4N 3P1<br>Defendant | 2006 - 05 - 147<br><br>Civil Action No. |

TO THE SHERIFF OF NEW CASTLE COUNTY,
YOU ARE COMMANDED:

To Summon the above named defendant and service upon said defendant a copy of the summons and complaint.

TO THE ABOVE NAMED DEFENDANT:

Within twenty (20) days after you receive the Summons, excluding the day you receive it, you must file and Answer to the attached Complaint if you want to deny the allegations. The original of your Answer must be filed with Clerk's Office of the Court of Common Pleas, New Castle County, Delaware and must include proof that a copy of the Answer was served on the plaintiff of his/her attorney who is named on this Summons.

Failure to file an Answer denying the allegations will result in a judgment against you, and action may be taken by the plaintiff of his/her attorney to satisfy the judgment.

DATED:_____     _____
                                                                           Clerk

Deborah Piretti
316 Springhill Avenue
Wilmington, DE 19809
(302) 764-0428

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| DEBORAH PIRETTI<br>316 Springhill Avenue<br>Wilmington, DE 19809<br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>aka RISK MANAGEMENT ALTERNATIVES, INC.<br>3080 Yonge Street<br>Toronto, Ontario M4N 3P1 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    2006-05-147<br><br>) Civil Action No.<br>) This is not an arbitration case |

## COMPLAINT

1. Plaintiff is a citizen of the State of Delaware who resides at the address set forth in the caption hereto.

2. Defendant is, on information and belief, a company incorporated in Delaware, but located at the address set forth in the caption hereto, that regularly does business in the State of Delaware.

3. Plaintiff's claims arise under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692-1692o ("the Act"), over which this Court has jurisdiction.

4. Defendant is a debt collector as defined by 15 USCA § 1692(a)(6).

5. Accordingly, defendant is liable for violations of the Act pursuant to 15 USCA § 1692k.

6. While defendant has refused plaintiff's request to furnish written information concerning any alleged debt that defendant seeks to collect, such debt – if it exists – is, on information and belief, a "consumer debt" as defined in 15 U.S.C.A. § 1692a(5).

7. Defendant has never, to her knowledge, received any notice of default on any credit agreement with a creditor or with the defendant debt collector.

8. In its effort to collect the alleged debt, defendant violated the Act, as set forth below.

9. Defendant made numerous, repeated telephone calls to plaintiff's home and work telephone number between approximately April 26, 2006 and May 1, 2006.

10. Defendant – who purported to be an agent for a "client," not the debt collector that he actually was – left repeated abusive, but mysteriously vague, messages threatening legal action against defendant. However, he did not identify any specific alleged debt that he was attempting to collect nor did he state the amount of such alleged debt. In fact, defendant

failed to clearly identify itself or its whereabouts, which plaintiff ascertained by her own research using defendant's telephone number.

11. Defendant's evasions and failure to identify the alleged debt it seeks to collect, and its attempt to conceal information as to its own identity and location, are violations of the prohibition, in 15 U.S.C.A. § 1692f, of unfair and unconscionable means of debt collection.

12. On May 1, 2006, plaintiff sent, by Certified Mail, the letter attached hereto as Exhibit "A." By that letter, plaintiff exercised her right, under 15 USCA § 1692c, instructing defendant to cease all communications to her home and work telephone and to forward to her home address written documentation of any alleged debt.

13. On information and belief, defendant received plaintiff's letter by May 4, 2006.

14. On May 4, 2006, defendant commenced a retaliatory campaign of harassment intended to unlawfully injure and embarrass defendant and to cause her to lose her employment.

15. Defendant made approximately 20 telephone calls to plaintiff's place of employment. Rather than call defendant's direct work number, which it had been instructed not to contact, defendant located the main telephone number of defendant's employer and routed its barrage of calls through that number in defiance of its duty to comply with the Act. Defendant's agent was abusive to the receptionist and, masquerading as a client of the business, had himself switched to a manager of the business.

16. Plaintiff was forced to flee her workplace at mid-day and fears that the disruption that defendant has intentionally inflicted upon her will adversely affect her relationship with her employer.

17. On May 4, 2006, plaintiff sent by Federal Express another letter to defendant instructing it not to telephone the main number of her employer, a copy of which is attached as Exhibit "B."

18. Defendant also made numerous, harassing telephone calls to plaintiff's next-door neighbor, Cheryl Kamm, who was very upset by the repeated, harassing calls. Those calls constituted improper contact with a third party in a manner prohibited by 15 USCA § 1692c(b).

19. Defendant's repeated contact with a third party is a per se violation of the Act. There can be no contention that the defendant was innocently seeking location information concerning plaintiff because the letter of May 1, 2006 that occasioned the retaliatory harassment instructed defendant to forward documentation of any alleged debt to her home address, which plaintiff provided.

20. Defendant also made improper contact with another third party, plaintiff's brother Joseph Piretti, in a manner prohibited by 15 USCA § 1692c(b).

21. Defendant made misleading statements to Mr. Piretti, claiming that Deborah Piretti had listed him as a "contact person" concerning her "accounts with NCO." Accordingly, pursuant to its campaign retaliating against plaintiff for exercising her rights under § 1692c of the Act, defendant disclosed to a third party that plaintiff was an alleged debtor.

22. As with defendant's contacts with Ms. Kamm, there can be no pretense that defendant was innocently seeking location information concerning plaintiff.

23. In addition to constituting a prohibited contact with a third person, defendant's contact with Mr. Piretti was so false, deceptive and misleading as to constitute a violation of 15 USCA § 1692e.

24. Defendant's misconduct violated the validation of debt requirements set forth by in 15 U.S.C.A. § 1692g because defendant did not send plaintiff a written notice containing the information set forth in 15 U.S.C.A. § 1692g(a).

25. That violation is particularly egregious because the worst misconduct by defendant was triggered in retaliation against plaintiff for her letter of May 1, 2006, exercising her rights under 15 USCA § 1692c, in which plaintiff specifically requested documentation of any alleged debt.

26. Defendant's misconduct violated the Act because its natural effect on a reasonable person was to harass, oppress, and abuse.

27. Defendant's misconduct was particularly outrageous because its worst manifestation was triggered in retaliation against plaintiff for her letter of May 1, 2006, exercising her rights under 15 USCA § 1692c.

28. As set forth above, defendants have engaged in improper communication with an alleged debtor; improper communication with at least three third parties; harassing, abusive and oppressive conduct; false, misleading and deceptive representations; unfair and unconscionable means of collection; and failure to comply with validation of debt requirements.

29. Plaintiff, therefore, requests that the Court award her $1,000 in statutory damages and costs and attorneys fees (if any) as provided by 15 USCA § 1692k(a).

30. Plaintiff requests damages for emotional distress in an amount presently unknown, but not to exceed the $50,000 jurisdictional limit of this Court.

31. Plaintiff requests damages for actual damages, if any, in an amount presently unknown, that have or may be incurred by plaintiff as a result of defendant's improper contacts with third parties and its assault upon the telephone switchboard of plaintiff's employer.

32. Plaintiff requests punitive damages as the defendant's actions in retaliating against plaintiff for exercising her right to limit communications and to request written documentation of any alleged debt were so wanton and outrageous as to shock the conscience.

*[signature]*
Deborah Piretti
Pro Se
May 5, 2006

05/10/2006 14:33 FAX 9858718197          S F & N LLP                                    ⌀008

Bruce Bellingham
Deborah Piretti
316 Springhill Avenue
Wilmington, DE 19809

Risk Management
3080 Yonge Street
Toronto, Ontario M4N 3P1

May 1, 2006

Dear Sir or Madam:

Deborah Piretti and Bruce Bellingham have received telephone calls from you at our residence, 302-764-0420, and at Deborah's place of employment, 302-888-6246.

Pursuant to the terms of § 1692c(c) of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 et seq., I instruct you not to call our residence at 302-764-0428, or Deborah's place of employment at 302-888-6246.

Please send documentation on any alleged debt to the address above.

Sincerely,

Bruce Bellingham          Deborah Piretti

Deborah Piretti
316 Springhill Avenue
Wilmington, DE 19809

Risk Management
3080 Yonge Street
Toronto, Ontario M4N 3P1

May 4, 2006

Dear Sir or Madam:

    I have received telephone calls from you at my residence, 302 764-0428, my place of employment 302 888-6246 and 302 658-9141.

    Pursuant to the terms of section 1692c(c) of the Fair Debt Collection Practices Act, 15 U.S.C. A. section 1692 et seq., I instruct you not to call my residence at 302 764-0428 or my place of employment, 302 888-6246 or 302 658-9141. If you continue to call at my place or employment I may be fired.

    Please send documentation on any alleged debt to the address above.

Sincerely,

Deborah Piretti

**DEBORAH PIRETTI**
316 Springhill Avenue
Wilmington, DE 19809

May 6, 2006

NCO FINANCIAL SYSTEMS, INC.
aka RISK MANAGEMENT ALTERNATIVES, INC.
3080 Yonge Street
Toronto, Ontario M4N 3P1

NCO FINANCIAL SYSTEMS, INC.
aka RISK MANAGEMENT ALTERNATIVES, INC.
507 Prudential Road
Horsham, PA 19044

      Re:    *Civil Action No. 2006-05-147,*
              *Court of Common Pleas,*
              *New Castle County, DE*

Dear Sir or Madam:

      As you know, I wrote you on Monday, May 1, 2006, instructing you not to telephone my home or workplace, pursuant to the Fair Debt Collection Practices Act (the "Act"), and requesting that you send to my home address written information concerning any alleged debt. *See* Exhibit "A" to the enclosed Complaint.

      On receipt of my letter dated May 1, 2006, you apparently ceased calling my home and work numbers but, on May 4, you commenced a campaign of calls to retaliate against me for exercising my rights under the Act. Your agent made repeated calls to me through the main number of my place of employment and, I am informed by my employer's receptionist, he misrepresented himself as a customer of my employer in order to deceive the receptionist into transferring his call to my supervisor. I then Federal Expressed you another letter, dated May 4, 2006, in which I added the main number of my employer to the direct number that I instructed you not to contact (which addition I do not believe was required by the Act). *See* Exhibit "B" to the enclosed Complaint. I have confirmed through FedEx that you received that second notice under the Act on May 5, 2006.

      Later that day I learned that your agent also made unlawful contact with other third parties, including my brother, Joseph Piretti, and my next door neighbor, Cheryl Kamm. I then drafted the Complaint in the civil action docketed in the New Castle County Court of Common Pleas as matter 2006-05-147 and Federal Expressed the draft to you on May 4, 2006, with an accompanying letter advising, for the third time, that I had exercised my rights under the Act and notifying you that the Complaint would be

filed the following day, on May 5, 2006. I have confirmed through FedEx that on Friday, May 5, 2006, you received that third instruction not to call and actual notice of the pending litigation between us on May 5, 2006.

On May 5, 2006, the enclosed Complaint was filed and, I presume, service was made upon your Delaware registered agent by the Sheriff of New Castle County.

Today I again received two telephone calls at my home number from your agent, Joe Galota. You are again calling my home number after you have received three written notices advising you not to do so pursuant to the Act, after you have received actual notice of the pending litigation between us concerning your unlawful collection practices and, possibly, after you have been officially served the enclosed Complaint. I hereby give you your fourth written notice not to call me. I will communicate with you in writing, and in writing only.

On May 5, 2006 I also received written information on an alleged debt that I requested in my May 1, 2006 letter. That May 5, 2006 written response to my May 1, 2006 letter was back-dated to April 29, 2006, and delivered in an envelope without a dated postmark.

I will review that claim and make <u>written</u> response by May 12, 2006.

Sincerely,

Deborah Piretti

2