File No.: PI06-16725
Document No.: 295951

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH PIRETTI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NCO FINANCIAL SYSTEMS, INC. )<br>a/k/a RISK MANAGEMENT )<br>ALTERNATIVES, INC. )<br>Defendant. )<br>_____ ) | CASE NO. 06-348 (SLR)<br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT

NOW COMES defendant, NCO Financial Systems, Inc. improperly identified as NCO Financial Systems, Inc. a/k/a Risk Management Alternatives, Inc. (hereinafter "NCO"), and in Answer to the by plaintiff, Deborah Piretti, respectfully avers:

## COMPLAINT

1. NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 1, which has the effect of a denial.

2. NCO denies the allegations contained in ¶ 2. NCO admits that it is a Delaware corporation with its principle place of business in Horsham, PA, and that it does business in the State of Delaware.

3. NCO admits plaintiff purports to assert claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692-1692o, but denies any liability or wrongful conduct to the extent alleged in ¶ 3.

4.  NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to certain provisions of the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 4.

5.  NCO denies the allegations contained in ¶ 5.

6.  NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 6, which has the effect of a denial. NCO refers all questions of law to the Court, but denies any liability or wrongful conduct as alleged in ¶ 6.

7.  NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 7, which has the effect of a denial.

8.  NCO denies the allegations contained ¶ 8.

9.  NCO admits that its records document calls placed to plaintiff during some of the referenced time period. Except as specifically admitted, NCO denies the allegations in ¶ 9.

10. NCO denies the allegations in ¶ 10.

11. NCO denies the allegations in ¶ 11.

12. NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 12, which has the effect of a denial.

13. NCO admits documenting receipt of correspondence on May 8, 2006. Except as specifically admitted, NCO denies the allegations in ¶ 13.

14. NCO denies the allegations contained in ¶ 14.

15. NCO denies the allegations in ¶ 15.

16. NCO denies any allegations of wrongful conduct. NCO is without sufficient knowledge or information to form a belief in the truth of the remaining allegations contained in ¶ 16, which has the effect of a denial.

17. NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 17,, which has the effect of a denial.

18. NCO denies the allegations in ¶ 18.

19. NCO denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20.

21. NCO denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22.

23. NCO denies the allegations in ¶ 23.

24. NCO denies the allegations in ¶ 24.

25. NCO denies the allegations in ¶ 25.

26. NCO denies the allegations in ¶ 26.

27. NCO denies the allegations in ¶ 27.

28. NCO denies the allegations in ¶ 28.

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30.

31. NCO denies the allegations in ¶ 31.

32. NCO denies the allegations in ¶ 32.

## FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

## SECOND DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, that plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost, that pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

HECKLER & FRABIZZIO

/s/ Miranda D. Clifton

MIRANDA D. CLIFTON, I.D. #4081
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, Delaware 19899-0128
Telephone: (302) 573-4800
Attorney for Defendant,
NCO Financial Systems, Inc.

Date: June 1, 2006

*Of Counsel*

David Israel (La. Bar No. 7174)
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Ste. 1240
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

4

## CERTIFICATE OF SERVICE

I, Miranda D. Clifton, Esquire, hereby certify that on the 1st day of June, 2006, two true and correct copies of the Answer to Complaint were forwarded to below listed individual via first class mail:

Deborah Piretti
316 Springhill Avenue
Wilmington, DE 19809

_____
MIRANDA D. CLIFTON