File No.: P106-16725
Document No.: 299647

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DEBORAH PIRETTI, )
)
Plaintiff, )
)
v. ) CASE NO. 1:06-cv-00348 UNA
)
NCO FINANCIAL SYSTEMS, INC. )
a/k/a RISK MANAGEMENT )
ALTERNATIVES, INC. )
Defendant. )

**NCO FINANCIAL SYSTEMS, INC.'S**
**INTERROGATORIES DIRECTED TO PLAINTIFF**

NOW COMES defendant, NCO Financial Systems, Inc. improperly identified as NCO Financial Systems, Inc. a/k/a Risk Management Alternatives, Inc. (hereinafter "NCO"), who pursuant to Fed. R. Civ. P. 33 and 34, propounds the following discovery to plaintiff, Deborah Piretti. The Interrogatories and Requests must be answered separately and fully, in writing and under oath. As required by the Federal Rules of Civil Procedure, discovery must be answered and produced within thirty (30) days after service thereof.

I.

INSTRUCTIONS

(A)   Restate each Interrogatory and Request for Production in full immediately before your response.

(B)   In answer to these discovery requests, plaintiff shall furnish all information available to her at the time of her answers and shall supplement her answers in accordance with Fed. R. Civ. P. 26. Plaintiff shall answer each discovery request. Combined or general answers shall be considered non-responsive unless accompanied by

an express statement that the answer is full, complete, and specific as to each discovery request to which the combined or general answer is meant to be responsive.

    (C)   Answer each discovery request fully, providing all information actually or constructively available to plaintiff, or any other persons or entities that plaintiff knows to possess or have access to the requested information.

    (D)   If you fail to answer any discovery request in accordance with these instructions, specifically state the reason(s).

    (E)   If you interpose any objection to any discovery request, fully state the grounds for the objection and the legal authority upon which you would rely in response to a Motion to Compel.

    (F)   With respect to each document otherwise called for by this discovery, as to which you assert a claim of privilege, or the applicability of the work product doctrine, state separately the following, in addition to the information otherwise requested:

    (1)   the type of document(s);

    (2)   its date;

    (3)   the name, business address, and present position of its author(s);

    (4)   the business affiliation and position of its author(s) at the time of preparation of the document;

    (5)   the name, business address, and present position of its addressee and all other recipients of the document;

    (6)   the business affiliation and position of its addressee and all other recipients at the time of receipt of the document;

    (7)   a general description of the subject matter of the document;

    (8)   the basis of the claim of privilege; and

    (9)   the facts and law upon which you will rely in support of that contention in response to a Motion to Compel.

## II.

## DEFINITIONS

(A) The terms "you," "your," and "plaintiffs" refer to the plaintiff, Deborah Piretti.

(B) The term "person" means any individual, partnership, firm, corporation, association, joint venture, or any other business, legal entity or institution.

(C) The term "document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of Plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into reasonably usable tangible for), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of Fed. R. Civ. P. 26, 33 and 34.

(D) The terms "identify" and "describe" mean:

   (1) when used in reference to an individual: his full name, present or last known business and residence address, and his last known business affiliation and position.

   (2) when used in reference to a corporation: its full name, its state of incorporation, its date of incorporation, its principal place of business, and the corporation's representatives or agents with whom you have direct contact.

   (3) when used in reference to a person other than an individual or corporation: its official name, its organizational form, its address, and the person's representatives or agents with whom you have direct contact.

(4)  when used in reference to a document: the type of document, its date, author, addressee, title; its present location; the name and address of its custodian; and the substance of the contents thereof (in lieu of identifying any documents, copies may be furnished).

(5)  when used in reference to any communication, act, occurrence, occasion, meeting, transaction, or conduct: the event or events constituting such acts; its (their) location(s); the date and time; particular persons participating or present; and all related documents.

(6)  when used in reference to any discussion, conversation, communication, or statement: in addition to the definition of paragraph (D)(5) above, the substance of the discussion.

(7)  when used in reference to the calculation of damages: the manner in which such figure was calculated, an itemization and detailed description of each fact and incident of damage, all data and documentation supporting the figure, the person(s) so calculating those damages, and the relationship of that person of those persons to the plaintiff.

(E)  "Pertain to" or "Pertaining to" shall mean commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense possible.

(F)  The term "communication" shall mean any oral or written representation, promise, conversation, statement, message or transmission of information and should be construed in the broadest sense possible.

(G)  The "Complaint" means the Complaint filed in *Deborah Piretti v. NCO Financial Systems, Inc., a/k/a Risk Management Alternatives*, No.: 2006-05-147, Court of Common Pleas for the State of Delaware, in and for New Castle County; removed to No.: 1:06-cv-00348-UNA, in the United States District Court for the District of Delaware.

III.

## INTERROGATORIES

1. Identify each and every person who provided any information in connection with answers to these Interrogatories and the Requests for Production of Documents served contemporaneously with these Interrogatories.

**ANSWER:**

2. Identify your full names; including any nicknames or other names, including maiden names or aliases, social security numbers, and every residential address you have had for the past seven years.

**ANSWER:**

3. Identify every person who has knowledge regarding the claims, facts, occurrences and matters contained in the Complaint and provide a brief description of the substance of their knowledge.

**ANSWER:**

4. Identify each and every witness to any conversation that you had with an NCO representative, giving the date and time of the communication.

**ANSWER:**

5. Identify any recordings of, taped messages from, or conversations that you had with NCO's representatives, including the parties to the conversation or conversations which was/were recorded.

**ANSWER:**

6. Identify any calendars, diaries, logs, noted, journals, or any other written or recorded summary of events maintained by you in any way pertaining to your dispute with NCO, or pertaining to this lawsuit.

**ANSWER:**

7. Identify any documents or taped recordings of conversations evidencing your factual allegations.

**ANSWER:**

8. Identify any communication between you and American Express with respect to the debt or account made subject of this lawsuit.

**ANSWER:**

9. Identify any documents or taped recordings of conversations between you and American Express with respect to the debt or account made subject of this lawsuit.

**ANSWER:**

10. Describe all notices, whether oral or in writing, made by you or your representative to NCO in which you disputed the accuracy or completeness of your debt or account, including the date of such notification.

**ANSWER:**

11. Describe with specificity how NCO allegedly violated the FDCPA, 15 U.S.C. Sect. 1692 et seq. as alleged in ¶¶ 5, 6, 8, 10, 11, 12, 18, 19, 20, 21, 23, 24, 25, 26, of the Complaint.

**ANSWER:**

12. Describe all humiliation, embarrassment, defamation, and mental or emotional distress or any similar type injury you suffered, including all manifestations of such mental states and any medical treatment you received as a result thereof, and all facts which form the basis of your contention that NCO's acts or omissions proximately caused the injuries specifically alleged in ¶¶ 14, 15, 16, 18, 26, 28 and 30 of the Complaint.

**ANSWER:**

13. Describe in detail, all damages, specifically the actual damages, if any, alleged in ¶ 31 of the Complaint as a result of NCO's alleged violations of the FDCPA, including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation you allege entitlement to from the loss, how the figures used in compensating the value of each item of damage were computed, and all facts which form the basis of your contention that NCO's acts or omissions proximately caused the item of damage.

**ANSWER:**

14. Describe your work history, including your present occupations and business addresses.

**ANSWER:**

15. Describe your total income for each of the past three years, including all sources of this income, and the amount of income derived from each source.

**ANSWER:**

16. Identify all other lawsuits and court proceedings in which you are or were a party, including for each suit the case number, the name of the court, the style of the case, the subject matter of the case, the amount in controversy, the court's holding, if any, and the amount of damages awarded or the terms of any settlement.

**ANSWER:**

17. Describe any criminal record that you have; including whether you have ever been convicted of a crime or have pleaded guilty or nolo contendere to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

**ANSWER:**


18. For each of your responses to NCO's Requests for Admission (served concurrently herewith) which is not an unqualified admission, state the basis for your denial of the fact(s) stated in each Request.

**ANSWER:**


HECKLER & FRABIZZIO

*Miranda Clifton*

MIRANDA D. CLIFTON, I.D. #4081
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendant

Date: June 26, 2006

File No.: PI06-16725
Document No.: 299662

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

DEBORAH PIRETTI, )
)
)
Plaintiff, )
)
v. )  CASE NO. 1:06-cv-00348 UNA
)
NCO FINANCIAL SYSTEMS, INC. )
a/k/a RISK MANAGEMENT )
ALTERNATIVES, INC. )
Defendant. )

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that NCO Financial Systems, Inc.'s Interrogatories Directed to Plaintiff and NCO Financial Systems, Inc.'s First Request for Production of Documents Directed to Plaintiff were served via first class mail upon the following on June 26, 2006:

Deborah Piretti
316 Springhill Avenue
Wilmington, DE 19809

HECKLER & FRABIZZIO

*Miranda Clifton*
MIRANDA D. CLIFTON, I.D. #4081
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendant

Date: June 26, 2006